FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 23, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOBIAS WILSON, a.k.a. TOBIN SATHER, and KENNETH LAWRENCE,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JAY INSLEE, STEPHEN SINCLAIR, CHERYL STRANGE, SEAN MURPHY, JEFF UTTECHT, SARAH SYTSMA, DR. SARAH KARIKO, and GREG MILLER,<br><br>　　　　　Defendants. | No.　2:22-CV-0014-TOR<br><br>ORDER DENYING RECONSIDERATION |

BEFORE THE COURT is Plaintiffs' Objection to the Order of the District Judge, ECF No. 21, construed as a motion for reconsideration. Defendants filed their response. ECF No. 22. The motion was considered without oral argument on the date signed below.

Plaintiffs object to this Court's denial of their motion to change venue.

ORDER DENYING RECONSIDERATION ~ 1

Where a final judgment has not been entered, the Court has discretion to reconsider under Rule 54(b), which allows courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of a judgment . . . ." Fed. R. Civ. P. 54(b); *Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). Additionally, the Court has inherent common-law authority "to rescind an interlocutory order over which it has jurisdiction." *Id*. While both Rule 54(b) and the common law provide distinct authority under which a court may reconsider its rulings, the analysis under both appears to be the same. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 583 (D. Ariz. 2003).

Here, a final judgment has not been entered; thus, Rule 54(b) or the common law is the applicable authority. As a rule, a court should be loath to revisit its own decisions in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988). Nonetheless, whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Plaintiff has not identified an intervening change in the law, submitted any new evidence, or demonstrated the Court committed clear error that was manifestly unjust.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiffs' Objection to the Order of the District Judge, ECF No. 21, construed as a motion for reconsideration, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

DATED November 23, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING RECONSIDERATION ~ 3