UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOBIN SATHER and KENNETH LAWRENCE,<br><br>                    Plaintiff,<br><br>v.<br><br>JAY INSLEE, et al.,<br><br>                    Defendants. | NO. 2:22-CV-0014-TOR<br><br>ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY INTERLOCUTORY APPEAL AND STAY OF PROCEEDINGS |

BEFORE THE COURT is Plaintiff's Motion to Certify Interlocutory Appeal and Stay of Proceedings (ECF No. 48). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiffs' Motion to Certify Interlocutory Appeal and Stay Proceedings (ECF No. 48) is DENIED.

## BACKGROUND

This matter arises from Plaintiffs' exposure to COVID-19 while they were incarcerated at the Airway Heights Corrections Center ("AHCC"). The facts of the

1  case are discussed in detail in the Court's Third and Final Order to Amend
2  Complaint.  ECF No. 11.
3      Plaintiffs seek a certification of interlocutory appeal of the Court's order
4  granting Defendant's motion for judgment on the pleading regarding Count I of
5  Plaintiff's complaint.  ECF No. 48.  In Count I, Plaintiffs claim that Defendants
6  had deliberately and with indifference put Plaintiffs at risk of COVID-19 exposure
7  thereby violating Plaintiff's Eighth Amendment Rights.  ECF No. 9 at 37.  The
8  allegations in Count I were based on three citations issued by the Department of
9  Labor and Industry ("L&I") to the Department of Corrections identifying failures
10 to enforce policies relating to COVID-19 hazards.  ECF No. 9 at 22.  On August 3,
11 2022, the Court dismissed Plaintiffs' § 1983 claims against Defendants acting in
12 their official capacity pursuant to policies or customs.  ECF No. 11 at 21–23.
13 Additionally, the Court determined that Plaintiffs' Eighth Amendment claims were
14 based on citations from L&I to other Department of Corrections facilities, and thus
15 not applicable to their treatment at AHCC.  ECF No. 44 at 6.
16     The Court granted Defendants' motion for judgment on the pleadings in part
17 because it found that the Washington State Insurance Act ("IIA") does not shield
18 deliberate acts that injure employees, but instead creates a "no fault system" for
19 compensation for workers injured on the job.  ECF No. 44 at 7.  The Court found
20

Plaintiffs failed to allege sufficient facts to show deliberate action or inaction by the Defendants that resulted in COVID-19 exposure. *Id.*

Plaintiffs bring this motion to certify an interlocutory appeal and argue that the Court erred in its ruling dismissing Count I. ECF No. 48 at 2.

## DISCUSSION

Under 28 U.S.C.A. § 1292(b), a district court may certify an interlocutory appeal of a previous order. A party seeking a § 1292(b) interlocutory appeal must meet the statutory requirements before a district court will grant certification. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981). The statute requires the issue to present (1) a controlling question of law, (2) substantial grounds for difference of opinion, and (3) the possibility that the immediate appeal will materially advance the ultimate termination of the litigation. *Id.* Section 1292(b) appeals are certified only under exceptional circumstances in which allowing an interlocutory appeal would avoid protracted and expensive litigation. *Id.* The party seeking the interlocutory appeal bears the burden of demonstrating the requirements have been met. *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Here, Plaintiffs has failed to meet the statutory requirements for the reasons discussed below. The motion to certify an interlocutory appeal is therefore denied.

A.  <u>Controlling Question of Law</u>

The Ninth Circuit has not definitively defined what constitutes a "controlling

ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY INTERLOCUTORY APPEAL AND STAY OF PROCEEDINGS ~ 3

1  question of law" for the purposes of a § 1292(b) interlocutory appeal but has
2  clarified that it is one of law, not fact.  *ICTSI Oregon, Inc. v. Int'l Longshore &*
3  *Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (quoting *In re Cement*
4  *Antitrust Litig.*, 673 F.2d at 1026).  Other courts have found a controlling question
5  of law must be a "'pure question of law,' rather than a mixed question of law and
6  fact or the application of law to a particular set of facts."  *Hawaii ex rel. Louie v.*
7  *JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1065 (D. Haw. 2013) (citation
8  omitted); *McFarlin v. Conseco Servs.*, LLC, 381 F.3d 1251, 1259 (11th Cir. 2004)
9  (stating that "§ 1292(b) appeals were intended, and should be reserved, for
10 situations in which the court of appeals can rule on a pure, controlling question of
11 law without having to delve beyond the surface of the record in order to determine
12 the facts."); *Ahrenholz v. Bd. of Trustees of U. of Illinois*, 219 F.3d 674, 677 (7th
13 Cir. 2000) (discussing Congressional use of "question of law" as "the idea . . . that
14 if a case turned on a pure question of law, something the court of appeals could
15 decide quickly and cleanly without having to study the record, the court should be
16 enabled to do so without having to wait till the end of the case."); *Park W.*
17 *Galleries, Inc. v. Hochman*, 692 F.3d 539, 543 (6th Cir. 2012) ("On interlocutory
18 appeal, we do not review the district court's findings of fact, and instead 'consider
19 only pure questions of law.'") (citation omitted).
20       Examples of controlling questions of law include "determination[s] of who

ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY
INTERLOCUTORY APPEAL AND STAY OF PROCEEDINGS ~ 4

are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be applied." *In re Cement*, 673 F.2d at 1026. The moving party must show the resolution of the proposed controlling question of law "could materially affect the outcome of litigation in the district court." *Id*.

Plaintiffs make several allegations of what are construed as controlling questions but are still questions of fact rather than of law. Plaintiffs argue that there is a basis for disagreement over the court's resolution of the application of the IIA, specifically whether a court may find the actions of the Defendants in this case "deliberate." ECF No. 48 at 12–15. Plaintiffs also raise two questions directly: (1) "[w]hat did defendants Sinclair and Strange know was unlawful and (2) what did [Defendants Sinclair and Strange] fail to prevent." *Id*. at 15. However, in their discussion, Plaintiffs do not raise any questions purely of law devoid of any question of fact. For example, Plaintiffs contend that the Court erred in its application of the IIA standard of "deliberate" intention to injure under RCW 51.254.020. ECF No. 48 at 13. They argue that the Court did not fully investigate the word "deliberately," as it relates to the *facts* of this case. *Id*. at 14. Plaintiffs also disagree with the Court's conclusion that their complaint fails to allege specific acts or omissions of deliberate indifference. *Id*. at 15. These are conclusory allegations which rely heavily on the history of this case, not questions

ORDER DENYING PLAINTIFFS' MOTION TO CERTIFY
INTERLOCUTORY APPEAL AND STAY OF PROCEEDINGS ~ 5

of law that would satisfy the § 1292(b)(1).

Additionally, the Plaintiffs continue to argue of their § 1983 claims against Defendants acting in their official capacity. *Id*. at 16–18. Specifically, Plaintiffs argue that the Court did not consider the "dual persona" doctrine as it relates to custodial relationship. *Id*. at 18. Plaintiffs' § 1983 claim against Defendants in their official capacity was dismissed on August 3, 2022, after Plaintiffs failed to file a third amended complaint for which relief could be granted. ECF No. 11 at 21–23. Further, Plaintiffs discuss their Eighth Amendment claim as it relates to the L&I citations issued to other Department of Corrections facilities. ECF No. 48 at 15. The Court determined that Plaintiffs' Eighth Amendment claim could not rest on evidence of violations that did not take place at AHCC. ECF No. 44 at 6. These are pleadings matters, not questions of law for which a certification of interlocutory appeal may be granted.

B.    <u>Substantial Grounds for Difference of Opinion</u>

Substantial grounds for difference of opinion arise "when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions" *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). However, just because a court is the first to rule on a particular issue or a party disagrees with a court's ruling does not create substantial grounds for difference of opinion that would support an interlocutory appeal. *Couch*, 611 F.3d at 633 (citations omitted).

To determine if substantial grounds for difference of opinion exist, courts examine to what extent the controlling law is unclear. *Id*. "Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Id*. (citation omitted).

Plaintiffs allege that the Court engaged in an inappropriate balancing of evidence by going beyond "discretionary balancing," when it ruled that Plaintiffs failed to allege sufficient facts to show that Defendants acted or failed to act in manner that deliberately caused the alleged harm. ECF No. 48 at 20. In its decision to grant Defendants' motion for judgment on the pleadings, the Court was tasked with weighing the evidence in a light most favorable to the Plaintiffs, and it did so. ECF No. 44 at 2, 7–8 (citing *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009)). A disagreement with the Court's conclusion after weighing the evidence presented does not provide a foundation for a "substantial disagreement" to support the certification of an interlocutory appeal. Plaintiffs' allegations do not raise circuit disputes or a novel question of first impression. *Couch*, 611 F.3d at 633. Thus, the second requirement of § 1292(b) is also not met.

C.  <u>Material Advancement of the Litigation</u>

Certification of an interlocutory appeal is appropriate if the appeal will

materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). This requirement goes to the purpose of § 1292(b), which is to "facilitate disposition of the action by getting a final decision on a controlling legal issue sooner, rather than later [in order to] save the courts and the litigants unnecessary trouble and expense." *Hawaii ex rel. Louie*, 921 F. Supp. 2d at 1067 (citation omitted).

Plaintiffs argue that granting this interlocutory appeal would materially advance the ultimate termination of the pending litigation because they are seeking discrete documents to determine what Defendants "knew" in relation to their claim. ECF No. 48 at 22. However, Plaintiffs offer no additional evidence and therefore have failed to show that certifying an interlocutory appeal would bring this litigation to a close any faster than it would without certification of interlocutory appeal. Indeed, it seems likely that a grant of appeal would further prolong this litigation. Therefore, the final requirement of § 1292(b) is not met.

Plaintiffs must satisfy every requirement of § 1292(b) in order for the Court to grant an interlocutory appeal, and they have failed each. *Couch*, 611 F.3d at 633. Likewise, a stay of proceedings is moot absent an interlocutory appeal.

//

//

//

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion to Certify Interlocutory Appeal (ECF No. 48) is **DENIED**.

2. Plaintiffs' Motion to Stay Proceedings (ECF No. 48) is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties.

DATED September 7, 2023.



THOMAS O. RICE
United States District Judge