FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 06, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TOBIAS WILSON, a.k.a. TOBIN SATHER and KENNETH LAWRENCE,<br><br>               Plaintiffs,<br><br>  v.<br><br>STEPHEN SINCLAIR, et al.,<br><br>              Defendants. | NO. 2:22-CV-0014-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is Defendants' Motion for Summary Judgment (ECF No. 56). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. Plaintiffs have not responded, timely or otherwise. For the reasons discussed below, Defendants' Motion for Summary Judgment (ECF No. 56) is GRANTED.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

# BACKGROUND

This matter arises from Plaintiffs' exposure to COVID-19 while incarcerated at the Airway Heights Corrections Center ("AHCC").  In their Second Amended Complaint ("SAC"), Plaintiffs', proceeding *pro se*, alleged three causes of actions, and the previously Court dismissed Count I.  ECF No. 44.  The remaining Defendants now bring a Motion for Summary Judgment as to Counts II and III.  ECF No. 56.  Count II alleges that Defendants displayed deliberate indifference in December 2020 by denying Plaintiff Wilson unfettered access to a toilet as the system used by inmates had frozen while he was suffering from COVID-19 symptoms.  ECF No. ECF Nos. 9 at 25 and 11 at 49.

As to Count III, both Plaintiffs allege that they were denied access to clinical and specialized care during COVID-19 outbreak periods between 2020 to 2022.  ECF Nos. 9 at 27, 47 and 11 at 48.  They allege that because of the AHCC's practice of delaying clinical and specialized treatment, neither were able to receive care for various ailments over a period of months, and in some cases symptoms remained untreated.  ECF Nos. 9 at 27–30, 41 and 11 at 36.

Defendants now move for Summary Judgment on Counts II and III, arguing that the claims should be dismissed because (1) Plaintiffs failed to exhaust their administrative remedies, (2) Plaintiffs do not establish personal participation by the alleged Defendants, and (3) Plaintiffs failed to carry their burden in developing an

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2

Eighth Amendment violation. ECF No. 56. Plaintiffs have not responded, timely or otherwise.

## DISCUSSION

The Court may grant summary judgment in favor of a moving party who demonstrates "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In ruling on a motion for summary judgment, the court must only consider admissible evidence. *Orr v. Bank of America*, NT & SA, 285 F.3d 764, 773 (9th Cir. 2002). The party moving for summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to identify specific facts showing there is a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id*. at 252. For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id*. at 248. Further, a dispute is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id*. The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*,

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3

550 U.S. 372, 378 (2007). Summary judgment will thus be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Further, Local Rule 7(e) provides that a lack of response to dispositive and nondispositive motions, "may be deemed consent to the entry of an order adverse to the party who violates these rules." However, a court may not grant summary judgment by default, even if the opposing party fails to respond. *Heinemann v. Satterberg,* 731 F.3d 914, 917 (9th Cir. 2013). Instead, Federal Rule of Civil Procedure 56(e)(2) instructs that a court may consider a fact that lacks a response as undisputed when rendering a decision on the motion. *See Heinemann*, 731 F.3d at 916-17; *see also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th Cir. 2003).

Defendants first contend that Plaintiffs' claims are fatally flawed because they failed to exhaust the administrative remedies as set forth by the Department of Corrections. ECF No. 56 at 4, 9. Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Section 1997e(a) requires complete exhaustion through any available process. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002);

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 4

*Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion of administrative remedies is a mandatory requirement, and failure to do so requires dismissal without prejudice. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (citing *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits.")). Defendant must demonstrate the existence of an available administrative remedy, and proof that the plaintiff did not exhaust it. *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014). The burden then shifts to the plaintiff to provide evidence that the exhaustion of the remedies was effectively unavailable. *Id*. If the evidence of failure to exhaust is not unrebutted when viewed in the light most favorable to the plaintiff, then the defendant is entitled to summary judgment. *Id*. at 1166.

Here, Defendants present evidence on the Department of Corrections' ("DOC") administrative grievance process from Carol Smith, the Washington State Statewide Resolution Manager. ECF No. 59. In her declaration, Smith described the DOC's four step resolution process which each incarcerated individual is made aware of at the time of their entry. ECF No. 59 at 2–3, ¶¶ 4–6. At Level 0, the Resolution Specialist at the facility reviews a complaint submitted by an inmate and determines whether the issue has merit, whether it can be resolved informally, and/or whether it warrants elevation to Level I. *Id*., ¶ 6. Level I is the first formal

review process whereby the Resolution Specialist issues a response to the prisoner's complaint. *Id*. at 4, ¶ 6. A prisoner may appeal the Level I decision to Level II, whereby a review is conducted, and a response is sent from either the Superintendent or the Health and Human Services Administrator. *Id*. Level III is the final formal review which is conducted by the Resolution Manager or designee at the Headquarters Resolution Program Unit, and a response is sent by the Deputy Secretary. *Id*. at 5. Level III is the final review of the complaint. Smith attested that both Plaintiffs had begun the grievance process for complaints relating to access to toilet facilities and continued specialized medical treatment, but no complaint was appealed to Level III. *Id*. at 5–6, ¶¶ 7–11; ECF No. 59-1 at 112–134.

In their FAC, Plaintiffs argue that they have evidence that grievances filed related to COVID-19 were delayed or denied. ECF No. 9 at 38. However, the Court does not accept these unsupported allegations as true, especially when met with evidence of detailed denials of grievances at Levels 0, I, and II as detailed above. *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) (quoting Fed.R.Civ.P. 56(e)). Because Plaintiffs have not responded to rebut the evidence demonstrating that they did not exhaust DOC's grievance resolution process, the Court accepts as true that neither completed all four steps related to these claims

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6

before filing for relief with this Court.[1]  As Plaintiffs did not exhaust their administrative remedies without justification, the Court lacks discretion to resolve these claims, and summary judgment is proper.

Moreover, the Court finds dismissal of these claims proper given the unrebutted evidence that Plaintiffs fail to carry their Eighth Amendment violation with respect to either count.  42 U.S.C. § 1983 requires a claimant to prove (1) a person acting under color of state law (2) committed an act that deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988).  The Eighth Amendment imposes a duty on prison officials to ensure that prisoners receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of inmates in their care.  *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984).  The inquiry into an Eighth Amendment violation is fact specific, and a court should consider the circumstances, nature, and duration of a deprivation of a necessity in order to determine whether a

---

[1] The Court notes that Plaintiff Wilson did pursue some of his grievances to a Level III review, but those instances are beyond the relevant timeframe complained of.  ECF No. 59-1 at 112 (Level III review in July and August of 2017, October of 2015, May and June of 2014, May of 2013, and August of 2012).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 7

constitutional violation has occurred. *Johnson v. Lewis,* 217 F.3d 726, 731 (9th Cir. 2000). As such, when asserting a claim under the Eighth Amendment, a party must show that the defendant (1) exposed them to a substantial risk of serious harm and (2) was deliberately indifferent to their constitutional rights. *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837, 842 (1994)). In order to establish deliberate indifference, a party must show, "more than ordinary lack of due care for the prisoner's interest or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Regarding lack of access to toilet facilities in December 2020, the record reflects that prison staff took appropriate steps to remedy the situation. Once it was discovered the pipes were frozen, heaters were placed under the trailers to thaw them. ECF No. 60 at 4, ¶ 15. The actual restrooms were inoperable for approximately four hours, and during this period, staff would escort individuals to other facilities. *Id.*, ¶¶ 16, 17. Under Ninth Circuit precedent, toilets can be unavailable for some period of time without violating the Eighth Amendment. *Johnson*, 217 F.3d at 733. Here, while the nearest toilets were unavailable for four hours, the unrebutted facts presented by Defendants state that Plaintiffs could have been escorted by staff to another facility.

The record also does not reflect that Defendants were deliberately indifferent to Plaintiffs' specialized medical needs. In order to establish a claim of inadequate

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 8

1   medical care, a prisoner must "show a serious medical need by demonstrating that
2   failure to treat a prisoner's condition could result in further significant injury or the
3   unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096
4   (9th Cir. 2006) (internal citations and quotations omitted). If a prisoner establishes
5   a serious medical need, that prisoner must then "show the [official's] response to
6   the need was deliberately indifferent." *Id*. A delay in medical treatment does not
7   violate the Eighth Amendment unless that delay causes further harm. *McGuckin v.*
8   *Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992). If medical personnel have been
9   "consistently responsive to [the inmate's] medical needs," and the plaintiff has not
10  shown that the medical personnel had "subjective knowledge and conscious
11  disregard of a substantial risk of serious injury," there has been no Eighth
12  Amendment violation. *Toguchi v. Chung*, 391 F.3d 1051, 1061 (9th Cir. 2004).

13      Here, Defendants present that AHCC never had a policy of suspending
14  clinical medical care during the relevant COVID-19 outbreak periods. ECF No. 60
15  at 6, ¶ 23. Defendants acknowledge that during the pandemic, specialized care did
16  become more challenging, but "every effort was made to monitor and reschedule
17  any appointments that were cancelled *by the specialist*." *Id*., ¶ 24 (emphasis
18  added). In support of this contention, Defendants provided Plaintiffs' extensive
19  medical records, which reflect that they received continuous care from 2020 until
20  2023. *See generally* ECF No. 57. Plaintiffs have failed to demonstrate that a

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 9

reasonable jury would find that they received inadequate medical care for their specialized conditions while in the care of AHCC.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Defendants' Motion for Summary Judgment (ECF No. 56) is **GRANTED**. Count II and III are **DISMISSED with prejudice**.

2. Defendants' Motion to Continue (ECF No. 62) is **DENIED as moot.**

The District Court Executive is directed to enter this Order, and Judgment, furnish copies to parties, and **CLOSE** the file. The deadlines, hearings and trial date are **VACATED.**

DATED December 6, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 10